```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KARL BRETT LLOYD,              )
                               )
          Plaintiff,           )
                               )
     v.                        )     Civil Action No. 05-802
                               )
WASHINGTON & JEFFERSON         )     Judge McVerry
COLLEGE,                       )     Magistrate Judge Hay
                               )
          Defendant.           )
```

MEMORANDUM ORDER

Presently before the court are two motions: (1) Plaintiff's Motion to Compel Discovery (doc. 22) and (2) Plaintiff's Motion for Protective Order (doc. 23). For the reasons set forth below, the motion to compel is granted in part and denied in part and the motion for protective order is denied.

In this action, plaintiff alleges, *inter alia*, that he was discharged and retaliated against by the college in violation of the Americans with Disabilities Act. In prosecuting his case, plaintiff seeks to compel disclosure of defendant's affirmative action plans and all documents filed with any governmental agency regarding these plans, covering the period of 2000 through 2004, as set forth in two requests for production of documents. It appears from deposition testimony by Margaret Gorman, Human Resources Director for the college, that Washington & Jefferson College has an affirmative action **policy** which would state that the college does not discriminate in the hiring, promotion, retention, or tenure of individuals with disabilities. We use

her terminology, *i.e.*, **policy**, since her testimony specifically addressed a policy and not a plan, having stated that any plan the college may have had was old or not current.

The defendant college objects to these requests for production on the grounds that the requests are overly broad, unduly burdensome, seek irrelevant documents and are not reasonably calculated to lead to the discovery of relevant information.  More specifically, the defendant argues that affirmative action plans are not discoverable in discriminatory discharge cases because such plans are generally not relevant to the subject matter at hand since affirmative action plans usually address hiring and promotion practices and procedures and not discipline and termination, which would be relevant to plaintiff's claims.  Defendant cites to two cases, Clarke v. Mellon Bank, N.A., 1993 WL 170950 (E.D.Pa., May 11, 1993) and McClain v. Mack Trucks, Inc., 85 F.R.D. 53 (E.D.Pa. 1979), in support of its argument. Clarke recites almost verbatim the language from McClain that, "Generally, affirmative action plans are not discoverable in racial discrimination employment cases on the ground that the plans are not relevant to the subject matter of the suit or constitute confidential, privileged information." We note, however, that in Clarke and McClain, the courts addressed and referenced other cases which addressed circumstances in which a party asserted the confidential or

privileged nature of affirmative action **plans** and discussed how disclosure of documents reflecting candid self-examination could discourage voluntary compliance and, thus, frustrate the equal employment policy.  While this analysis may well be correct, the defendant has not raised a claim of confidentiality or privilege here.  Thus, we do not find these cases to be persuasive on the question of whether the college's affirmative action policy may be relevant to a claim in this case.

As a general rule, a party is entitled to discovery "relating to the subject matter of the lawsuit, as long as it 'appears reasonably calculated to lead to the discovery of admissible evidence.'  Courts have construed this language liberally, 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'"  Momah v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D.Pa. 1996), quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  The question is whether the information requested by the plaintiff in this case appears to be reasonably calculated to lead to the discovery of information that bears on or could bear on an issue in the case.  Id.; Fed.R.Civ.P. 26(b)(1).

The Human Resources Director indicated that the college has an affirmative action policy that addresses not only hiring and promotion but retention and tenure.  Therefore, it appears

that the request for this policy is reasonably calculated to lead to the discovery of relevant evidence regarding retention or, stated differently, termination, and any discrimination or discriminatory intent in the execution of said policy.

The defendant has indicated that it has already produced policies that relate or have any relevance to plaintiff's discriminatory discharge claim.  Nevertheless, to the extent that the defendant has not produced the affirmative action **policy** referenced by Ms. Gorman, the plaintiff's motion is GRANTED and the college is ORDERED to produce said policy covering the period of 2000 through 2004.  The plaintiff's motion is DENIED, however, as to the request for documents filed with any governmental agency since plaintiff has offered no explanation for how such information might bear on issues in the case or might lead to the discovery of relevant evidence and it is not the court's role to suggest one.

The plaintiff also seeks a protective order to prevent the college from serving any subpoenas for documents or, presumably, testimony, on plaintiff's current or future employers, claiming that employers may be deterred from hiring him or continuing his employment after learning that he has sued a former employer.  As support, plaintiff cites to cases involving subpoenas served on former employers to establish an

affirmative defense based on after-acquired evidence.[1]  Because plaintiff seeks to prevent subpoenas to issue to current or potential future employers and, thus, could not involve the after-acquired evidence defense, the cited cases are not authoritative.  Plaintiff has offered no support for restraining the defendant's inquiry into topics such as plaintiff's efforts to mitigate damages and any statements or representations he may have made or may make relating to his previous employment with the college, which appear to be legitimate areas of discovery.  Accordingly, plaintiff's motion for protective order is DENIED.

IT IS FURTHER ORDERED that if plaintiff desires review of this Order by the District Judge to whom this case is assigned, plaintiff must file an application with the Clerk of Court within ten (10) days of the date of this Order.  Failure to do so will waive the right to appeal.  Siers v. Morrash, 700 F.2d 113 (3d Cir. 1983).

AND NOW, this 6th day of June, 2006, IT IS SO ORDERED.

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

---

[1] The definition of after-acquired evidence is "evidence of the employee's ... misconduct or dishonesty which the employer did not know about at the time it acted adversely to the employee ... but which it discovered at some point prior to, or more typically, during, subsequent legal proceedings." Mardell v. Harleysville Life Ins. Co., 31 F.3d 1221, 1222 (3d Cir. 1994).

cc: Gregory T. Kunkel, Esquire
    Kunkel & Fink
    1208 Allegheny Building
    429 Forbes Avenue
    Pittsburgh, PA 15219

    Cathy Bissoon, Esquire
    David J. Burton, Esquire
    Reed Smith
    435 Sixth Avenue
    Pittsburgh, PA 15219-1886

cc: Gregory T. Kunkel, Esquire
    Kunkel & Fink
    1208 Allegheny Building
    429 Forbes Avenue
    Pittsburgh, PA 15219

    Cathy Bissoon, Esquire
    David J. Burton, Esquire
    Reed Smith
    435 Sixth Avenue
    Pittsburgh, PA 15219-1886